**FILED**
MAY 23 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SUZANNE CARVER, | CIV. #16-4066 |
| Plaintiff, | |
| vs. | COMPLAINT AND DEMAND FOR TRIAL BY JURY |
| AAA INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Suzanne Carver, by and through her counsel of record, and for her causes of action against the Defendant, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a underinsured motorist coverage (UIM) and bad faith action brought by Plaintiff Suzanne Carver ("Plaintiff") against Defendant AAA Insurance Company ("AAA"). Plaintiff was severely and permanently injured in an automobile collision. Her damages exceeded the minimal limits available on the policy of the tortfeasor responsible for the collision, and she was denied underinsurance coverage available to her as an insured under her auto policy with Defendant. She has been forced to institute litigation to recover those benefits, and to recover against the Defendant for its bad faith in handling her claim.

## PARTIES

1. Plaintiff Suzanne Carver is a citizen of the State of South Dakota and resident of Sioux Falls, Lincoln County.

2. Upon information and belief, Defendant AAA Insurance Company is a corporation duly organized and existing under the laws of California, with its principal place of business in

1

Walnut Creek, CA, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. AAA provided auto coverage to the Plaintiff pursuant to an insurance policy issued as Policy Number SDS-003594336 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective and in force during the relevant dates in this matter.

6. The Plaintiff was an insured driver under the Policy which provided uninsured motorist coverage, medical payments coverage and other benefits to the Plaintiff.

7. On May 27, 2014, while the Policy was in force, the Plaintiff was severely and permanently injured in an automobile collision. *See* Exhibit B. To date, the Plaintiff has incurred medical bills in excess of $25,000.

8. The collision and the Plaintiff's resulting injuries and other damages were the fault of Hector Rapalomedina. The collision between Rapalomedina and Plaintiff's vehicle was solely and proximately caused by Rapalomedina's negligence. Rapalomedina subsequently pled guilty to a citation filed against him as a result of the collision.

9. Rapalomedina was underinsured. He tendered a personal liability insurance payment in the amount of $25,000 to the Plaintiff. This payment was substantially less than the

amount reasonably necessary to compensate the Plaintiff for her injuries and other damages sustained in the collision.

10. Pursuant to the procedure detailed in *Schmidt v. Clothier*, 338 N.W.2d 356 (Minn. 1983), the Defendant was placed on notice of the tender of limits and was offered the opportunity substitute its own draft. The Defendant declined and waived the opportunity to substitute its draft or object to the settlement.

11. On or about May 16, 2016, the Plaintiff accepted the $25,000 on the policy covering Rapalomedina.

12. The payment received from the policy covering Rapalomedina was insufficient to compensate the Plaintiff for her serious and permanent injuries and other damages that she suffered in the automobile collision caused by Rapalomedina's negligence.

13. Plaintiff thereafter sought recovery of UIM benefits from the Defendant for Plaintiff's uncompensated damages, in accordance with the terms of the Policy, and the Defendant wrongfully refused and still refuses payment of the same, which is a direct violation of SDCL 58-33-67.

## COUNT ONE
### (Breach of Contract)

14. Plaintiff hereby realleges paragraphs 1-13 and all previous paragraphs and incorporates them as though fully set forth herein.

15. By virtue of its Policy of insurance in effect on May 27, 2014, and Plaintiff's status as an insured under the Policy, Defendant is contractually obligated to pay Plaintiff underinsured motorist benefits as a result of the automobile accident caused by the tortfeasor that occurred on May 27, 2014.

16. Defendant breached its duty to pay Plaintiff underinsured motorist benefits pursuant to the Policy.

17. Defendant's breach of its duties under the Policy has resulted in substantial damages to the Plaintiff.

18. Defendant's refusal to pay the full amount of said loss was vexatious and without reasonable cause and the Plaintiff is entitled to attorney's fees pursuant to SDCL 58-12-3.

## COUNT TWO
### (Bad Faith)

19. Plaintiff hereby realleges paragraphs 1-18 and all previous paragraphs and incorporates them as though fully set forth herein.

20. Because the Policy constituted a contract of insurance between the Plaintiff and AAA, there existed an implied covenant of good faith and fair dealing between them.

21. The Plaintiff suffered a loss within the policy period that was compensable under the terms of the policy, provided timely notice to AAA of the occurrence giving rise to coverage, and demanded payment for the same.

22. AAA knew that there was a lack of reasonable basis for denial of the claim, or else acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

23. In addition to the denial of benefits, AAA committed bad faith against the Plaintiff in the following ways:

    (a)    Delaying in processing and handling of Plaintiff's claim for benefits;

    (b)    Making a low-ball settlement offer to its own insured; and

    (c)    Failing to pay over the sum that is reasonably believed to be due and owing to its insured under the policy.

24. AAA denied Plaintiff's claim for coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

25. At the time that Progressive made the low-ball settlement offer of $3,000 to Plaintiff, it was not fairly debatable that Plaintiff's claim was worth substantially more than $3,000.

26. AAA's refusal to provide coverage and honor the plain terms of its insurance contract caused substantial damages to the Plaintiff including, but not limited to, attorney's fees, financial distress and emotional distress.

27. AAA used unfair and deceptive acts and practices in dealing with the Plaintiff's claim for coverage through, among other things, its failure to acknowledge and act on her claim, its failure to adhere to reasonable standards regarding the handling of the claim, its failure to reasonably investigate the claim, its failure to promptly provide a reasonable explanation of the basis of the denial, and its failure to promptly settle Plaintiff's claim when liability was clear.

28. AAA's refusal to provide coverage and to honor the plain terms of its insurance contract was willful, wanton and with reckless disregard, entitling the Plaintiff to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for the following relief:

(1) For Plaintiff's compensatory, general and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For attorney's fees pursuant to SDCL 58-12-3;

(3) For Plaintiff's costs and disbursements herein;

(4) For pre-judgment and post-judgment interest;

(5) For punitive damages; and

(6) For such other and further relief as the Court determines to be just and proper.

Dated this 23rd day of May, 2016.

**JOHNSON, JANKLOW, ABDALLAH, REITER & PARSONS, L.L.P.**

BY _____
Steven M. Johnson (steve@janklowabdallah.com)
Shannon R. Falon (shannon@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Steven M. Johnson
Shannon R. Falon

6